■ FRED NIVES, Doing Business as FOREIGN CURRENCY SERVICE, Respondent, v. LILLI-ANN CORP., Appellant.— Order entered December 16, 1969, denying defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with $50 costs and disbursements to the appellant, the motion granted, and the complaint dismissed. In June, 1958, defendant corporation gave its check for $15,000 to Granville, a foreign exchange broker, for the purpose of securing French francs for use by its principal in business travel abroad. The named payee was Cartier, a French citizen, not theretofore known to defendant but found, on careful investigation, to be a reputable person well able to supply francs in discharge of his side of the transaction. Apparently the check was appropriated by one Gottlieb, a business associate of Granville, said by investigating detectives to be a scoundrel, and Gottlieb delivered it to plaintiff, so plaintiff claims, bearing a Cartier indorse-

ment, and in exchange for financial consideration. Cartier has made affidavit that the indorsement is a forgery, and both defendant's and plaintiff's banks apparently concur, for the check was charged back through the banks to plaintiff's account when rejected for forgery upon presentation for payment. Almost six years after it had been dishonored, plaintiff sued upon the check upon the theory that it was a bearer instrument, Cartier being a fictitious person. Apparently the sole basis for this claim is to be found in the papers submitted by defendant by way of an extract from plaintiff's deposition, saying that Gottlieb had made an unspecific remark to this effect at some unrecalled time prior to the transaction in suit. Defendant's motion for summary judgment sets forth proofs as hereinabove summarized, from which it is to be inferred that plaintiff did not acquire the instrument innocent of knowledge of any defect in the chain of acquisition. Certainly, nothing is offered to counter the submitted evidence that the named payee existed when the check was drawn and still exists, and that the check never passed through his hands. All that appears in response to the motion is an affidavit by counsel, devoid of proofs, not addressed to the merits, and actually not denying or disproving anything. We note Special Term's observation that "Plaintiff has taken the risk of not submitting affidavits setting forth material facts to controvert the motion" but we do not accept the conclusion that "he has safely assumed that risk" for, whatever may have been plaintiff's reasons, he has permitted defendant, without a gesture in defense, to demonstrate that there is no issue of fact to be taken to trial. Concur — Stevens, P. J., Eager, McGivern, Markewich and Nunez, JJ.